MEGHANN A. TRIPLETT (SBN 268005)
Meghann@MarguliesFaithLaw.com
SAMUEL M. BOYAMIAN (SBN 316877)
Samuel@MarguliesFaithLaw.com
**MARGULIES FAITH LLP**
16030 Ventura Boulevard, Suite 470
Encino, CA 91436
Telephone: (818) 705-2777
Facsimile: (818) 705-3777

Attorneys for Plaintiff, Jeremy W. Faith,
Chapter 11 Plan Fiduciary

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re: | Case No.: 1:22-bk-11181-MB |
| NATIONAL ASSOCIATION OF TELEVISION PROGRAM EXECUTIVES, INC., | Chapter: 11 (Subchapter V) |
| Debtor. | Adv. Case No.: |
| JEREMY W. FAITH, Chapter 11 Plan Fiduciary, | **COMPLAINT FOR:** |
| Plaintiff, | **(1) AVOIDANCE OF PREFERENTIAL TRANSFERS [11 U.S.C. § 547];** |
| v. | |
| AMERICAN EXPRESS NATIONAL BANK dba AMERICAN EXPRESS COMPANY, a New York Corporation; W-HOTEL MANAGEMENT, INC. dba W HOLLYWOOD, a Delaware Corporation, | **(2) DISALLOWANCE OF CLAIMS [11 U.S.C. § 502];** |
| | **(3) RECOVERY OF AVOIDED TRANSFERS [11 U.S.C. § 550]; AND** |
| Defendants. | **(4) PRESERVING TRANSFERS [11 U.S.C. § 551]** |

FILED OCT 11 2024
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

1  Plaintiff Jeremy W. Faith ("Plaintiff"), the chapter 11 Plan Fiduciary for the chapter
2  11 bankruptcy estate ("Estate") of reorganized debtor National Association of Television
3  Program Executives, Inc., (the "Debtor" or "NATPE").  Plaintiff brings this adversary
4  proceeding on behalf of the Estate pursuant to 11 U.S.C. §§ 1123(b)(3)(B) and 1104(d)
5  and this Court's *Order Confirming Second Amended Subchapter V Chapter 11 Plan with*
6  *Modifications* appointing Plaintiff as the Plan Fiduciary (Dkt. No. 258) and 11 U.S.C. §
7  1123(b)(3)(B).  As Plaintiff was not appointed until after NATPE filed bankruptcy, Plaintiff
8  does not have personal knowledge of the facts alleged in this Compliant and therefore
9  alleges those facts on information and belief.

## JURISDICTION AND VENUE

11  1.  In accordance with the requirements of Local Bankruptcy Rule 7008-1, the
12  San Fernando Valley Division of the United States Bankruptcy Court for the Central District
13  of California (the "Bankruptcy Court") has jurisdiction over this adversary proceeding under
14  28 U.S.C. § 1334, because the claims asserted herein arise under title 11 of the United
15  States Code or arise in or relate to the Chapter 11 case of the Debtor currently pending in
16  the United States Bankruptcy Court for the Central District of California, as *In re National*
17  *Association of Television Program Executives, Inc.*, Case Number 1:22-bk-11181-MB (the
18  "Bankruptcy Case"). The outcome of this adversary proceeding will have a significant
19  effect on the Estate because it will impact the disposition property of the Estate and the
20  amount of money available for distribution to creditors. Certain of the claims for relief
21  alleged in this Complaint constitute core proceedings under 28 U.S.C. § 157(b).
22  Regardless of whether this proceeding is a core proceeding, consent is given to the entry
23  of a final orders and judgment by the Bankruptcy Court. Each defendant is hereby notified
24  that hat Fed. R. Bankr. P. 7008(a) requires each defendant to plead whether the claims
25  for relief alleged against such defendant are core or non-core and, if non-core, whether
26  consent is given to the entry of final orders and judgment by the Bankruptcy Court. Certain
27  of the claims for relief alleged in this Complaint constitute core proceedings under 28
28  U.S.C. § 157(b). Regardless of whether this proceeding is a core proceeding, consent is

given to the entry of a final orders and judgment by the Bankruptcy Court. Each defendant is hereby notified that hat Fed. R. Bankr. P. 7008(a) requires each defendant to plead whether the claims for relief alleged against such defendant are core or non-core and, if non-core, whether consent is given to the entry of final orders and judgment by the Bankruptcy Court.

2. Venue is proper in the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409 because the NATPE bankruptcy case is pending in this district and division. Pursuant to 28 U.S.C. § 1391, venue is also appropriate in this district and division because each of the defendants either resides in or is authorized to and regularly does carry out business in this district and many of their wrongful acts, omissions and/or conduct as complained of in this Complaint took place within this district. Accordingly, this Court also has personal jurisdiction over each of the defendants.

## PARTIES

3. Plaintiff Jeremy W. Faith ("Plaintiff") is the Chapter 11 Plan Fiduciary of the Debtor's Estate and brings this action solely in his capacity as the chapter 11 Plan Fiduciary for the debtor's Estate.

4. Plaintiff is informed and believes that defendant American Express National Bank dba America Express Company ("AMEX") is a New York corporation and is subject to the jurisdiction of this Court.

5. Plaintiff is informed and believes that defendant W Hotel Management, Inc. dba W Hollywood ("W Hotel") is a Delaware corporation and is subject to the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. NATPE is a is a non-profit corporation organized under the laws of the State of Delaware. Until shortly after its bankruptcy filing, the company was operating as a global content association and professional membership organization consisting of television, media executives and other members of the content business. NATPE's main source of revenue was its annual conference and market.

7.  On October 11, 2022, NATPE filed for bankruptcy protection (the "Petition Date"). NATPE elected to proceed as a Supchapter V debtor for the purpose of liquidating the Debtor's assets.

8.  Plaintiff is informed and believes that within the ninety (90) days prior to the Petition Date, Defendant received the following three (3) transfers from the Debtor totaling $43,354.53 to AMEX (the "Transfers"):

| DATE OF PAYMENT | AMOUNT OF PAYMENT |
| --- | --- |
| 08/08/2022 | $5,804.00 |
| 09/07/2022 | $2,988.01 |
| 10/04/2022 | $34,562.52 |
| **TOTAL** | **$43,354.53** |

9.  Plaintiff is informed and believes that the Debtor had a property interest in the funds that made up each of the Transfers as each of the Transfers were drawn against and cleared one or more of the Debtor's bank accounts.

10. Plaintiff is informed and believes that each of the Transfers was paid on account of outstanding debt(s) owed by the Debtor to AMEX at the time the payments were made.

11. Plaintiff is informed and believes that out of the Transfers, Debtor paid the W Hotel a deposit of $29,343.11 for an upcoming NATPE conference using Debtor's AMEX card, which cleared on or about September 14, 2022 (the "Transfer").

12. On December 22, 2022, W-Hotel filed a Proof of Claim, Claim No. 2-1, in the Debtor's Bankruptcy Case asserting an unsecured, general non-priority in the amount of $29,285.65 for "Services Performed" (the "W-Hotel POC"). The W-Hotel POC reflects Debtor's "advance deposit" of $29,343.44 by way of a "credit card charge."

13. Prior to commencing this case, Plaintiff performed reasonable due diligence regarding AMEX's and W-Hotel's (collectively, "Defendants") potential

affirmative defenses to the claims asserted herein. The due diligence was performed with the assistance of the Trustee's counsel and accountants by reviewing the Debtor's books and records, analyzing payments made by the Debtor to Defendants, and confirming associated information regarding AMEX's statements to the Debtor.

### FIRST CLAIM FOR RELIEF
### (AVOIDANCE OF PREFERENTIAL TRANSFERS)
### [11 U.S.C. § 547]
### (Against Defendant AMEX)

14. Plaintiff hereby incorporates herein by reference paragraphs of the Complaint as if fully set forth herein.

15. Plaintiff is informed and believes that the Transfers were a transfer of an interest of the Debtor in property.

16. Plaintiff is informed and believes that the Debtor made the Transfers within the ninety (90) days prior to the Petition Date.

17. Plaintiff is informed and believes that the Transfers were made to or for the benefit of AMEX at a time in which AMEX was a creditor of the Debtor, as the term "creditor" is defined by 11 U.S.C. § 101(10).

18. Plaintiff is informed and believes that the Transfers were made for or on account of an antecedent debt owed by the Debtor to AMEX.

19. Plaintiff is informed and believes that the Transfers were made while the Debtor was insolvent.

20. Plaintiff is informed and believes that the Transfers enabled AMEX to receive more than it would have received as a creditor if: (a) the Transfers had not been made; and (b) AMEX received payment of the debts they were owed to the extent provided under the Bankruptcy Code.

21. Plaintiff is informed and believes that interest on the Transfers has accrued and continues to accrue at the maximum legal rate pursuant to 28 U.S.C. § 1961 from the time the Transfers were made.

22.    Plaintiff performed reasonable due diligence in the circumstances of Defendant's known or reasonably knowable affirmative defenses.

23.    Plaintiff is informed and believes that the Transfers were a preferential transfer avoidable under 11 U.S.C. § 547(b).

## SECOND CLAIM FOR RELIEF

### (Disallowance of Claim)

### [11 U.S.C. § 502]

### (Against all Defendants)

24.    Plaintiff hereby incorporates herein by reference the preceding paragraphs of the Complaint as if fully set forth herein.

25.    Plaintiff is informed and believes that the Defendants are the initial transferee of the Transfers.

26.    Plaintiff is informed and believes that the Defendant is an entity from which property is recoverable under 11 U.S.C. § 550.

27.    The Defendant has not paid Plaintiff or the Estate the amount for which it is liable under 11 U.S.C. § 550.

28.    The Defendant has not turned over to the Plaintiff or the Estate, the property for which it is liable under 11 U.S.C. § 550.

29.    Accordingly, to the extent the Defendant has a claim in the Debtor's Bankruptcy Case, such claim should be disallowed pursuant to 11 U.S.C. § 502(d).

## THIRD CLAIM FOR RELIEF

### (Recovery of Avoided Transfers)

### [11 U.S.C. § 550]

### (Against all Defendants)

30.    Plaintiff hereby incorporates herein by reference paragraphs of the Complaint as if fully set forth herein.

31.    Plaintiff is informed and believes that AMEX was the initial transferee of the Transfers.

32. Plaintiff is informed and believes that the W Hotel is the entity for whose benefit the Transfer was made or the mediate or immediate transferee of the Transfer.

33. Pursuant to 11 U.S.C. § 550, Plaintiff may recover from Defendants the value of the property transferred through the Transfers, plus interest at the maximum legal rate from and after the date of each of the Transfers.

## FOURTH CLAIM FOR RELIEF

**(Preservation of Avoided Transfers)**

**[11 U.S.C. § 551]**

**(Against all Defendants)**

34. Plaintiff realleges and incorporates by reference the preceding paragraphs of the Complaint as if fully set forth herein.

35. Plaintiff is entitled to an order and/or judgment preserving, for the benefit of the Estate, the Transfers once avoided.

**WHEREFORE**, Plaintiff prays for relief as follows:

a. For judgment avoiding the Transfers as a preferential transfer under 11 U.S.C. § 547(b).

b. For disallowance of any claims asserted by Defendants, pursuant to 11 U.S.C. § 502;

c. For an order recovering and preserving the Transfers or the value of said transfers for the benefit of the Estate under 11 U.S.C. §§ 550 and 551.

d. For costs of suit and interest at the legal rate on all damages and sums awarded to Plaintiff, for the benefit of the Estate; and

e. For such other and further relief as this Court deems just and proper.

DATED: October 11, 2024						**MARGULIES FAITH, LLP**

By: _/s/ Samuel Boyamian_
Meghann A. Triplett
Samuel M. Boyamian
Attorneys for Plaintiff, Jeremy W. Faith,
Chapter 11 Plan Fiduciary

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

**FILED OCT 11 2024 CLERK U.S. BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA BY: Deputy Clerk**

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Jeremy W. Faith, Chapter 11 Plan Fiduciary | American Express National Bank dba America Express Company; and W-Hotel Management, Inc. dba W Hollywood |

| ATTORNEYS (Firm Name, Address, and Telephone No.) Meghann A. Triplett    Phone: (818)-705-2777 Margulies Faith, LLP 16030 Ventura Blvd., Suite 470, Encino, CA 91436 | ATTORNEYS (If Known) |
|---|---|

| PARTY (Check One Box Only) ☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor    ☑ Other ☐ Trustee | PARTY (Check One Box Only) ☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor    ☑ Other ☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
(1) Avoidance of Preferential Transfers [11 U.S.C. § 547]; (2) Disallowance of Claims [11 U.S.C. § 502]; (3) Recovery of Avoided Transfers [11 U.S.C. § 550]; and (4) Preserving Transfers [11 U.S.C. § 551]

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
[1] 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
[2] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| **NAME OF DEBTOR** <br> National Association of Television Program Executives, Inc. | | **BANKRUPTCY CASE NO.** <br> 1:22-bk-11181-MB |
| **DISTRICT IN WHICH CASE IS PENDING** <br> Central District of California | **DIVISION OFFICE** <br> San Fernando Valley | **NAME OF JUDGE** <br> Martin R. Barash |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISION OFFICE** | **NAME OF JUDGE** |

**SIGNATURE OF ATTORNEY (OR PLAINTIFF)**

*/s/ Samuel Boyamian*

| **DATE** <br> 10/11/24 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> Samuel M. Boyamian |
|---|---|

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.